## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **THE STATE OF OKLAHOMA, by and through THE OKLAHOMA DEPARTMENT OF REHABILITATION SERVICES** | § § § § | |
| **Plaintiff** | § § | |
| **v.** | § § | **Case No.:** <u>CIV-21-1072-F</u> |
| **THE UNITED STATES OF AMERICA, by and through the UNITED STATES DEPARTMENT OF DEFENSE; the HONORABLE LLOYD J. AUSTIN III, in his official capacity as Secretary of Defense; the UNITED STATES DEPARTMENT OF THE ARMY; and the HONORABLE CHRISTINE WORMUTH, in her official capacity as Secretary of the Army** | § § § § § § § § § § § | |
| **Defendants.** | § § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**NOW COMES**, Plaintiff, the STATE OF OKLAHOMA, and files this Complaint seeking relief to compel Defendants, THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF DEFENSE, THE SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, THE UNITED STATES DEPARTMENT OF THE ARMY, and THE SECRETARY OF THE DEPARTMENT OF THE ARMY, to comply with a final and binding agency decision in Plaintiff's favor issued by an arbitration panel convened by THE UNITED STATES DEPARTMENT OF EDUCATION pursuant to 20 U.S.C. §107d-2 of the Randolph-Sheppard Act.

In support of this Complaint, Plaintiff respectfully pleads the following:

## I.
## PARTIES

1.      Plaintiff, the STATE OF OKLAHOMA, by and through the Oklahoma Department of Rehabilitation Services ("Oklahoma" and/or "ODRS"), is an Oklahoma state agency and a State licensing agency ("SLA") under the Randolph-Sheppard Act and its implementing regulations.

2.      Defendant, the UNITED STATES OF AMERICA, is acting by and through the Honorable LLOYD J. AUSTIN III, Secretary of Defense, and the Honorable CHRISTINE WORMUTH, Secretary of the Army. Secretaries Austin and Wormuth are sued in their official capacities and may be served by serving a copy of the summons and the instant Complaint upon the United States Attorney General at Washington, D.C. via certified mail and delivering same to the United States Attorney for the Western District of Oklahoma.

3.      Defendant DEPARTMENT OF DEFENSE is an executive department of the United States government, and is an "agency" within the meaning of the Administrative Procedure Act. The DEPARTMENT OF DEFENSE is headquartered in Washington, D.C.

4.      Defendant DEPARTMENT OF THE ARMY is an "agency" within the meaning of the Administrative Procedure Act. The DEPARTMENT OF THE ARMY is headquartered in Washington, D.C.

5.     Collectively, the UNITED STATES OF AMERICA, Secretary Austin, Secretary Wormuth, the DEPARTMENT OF DEFENSE, and the DEPARTMENT OF THE ARMY are referred to herein as the "Defendants."

## II.
## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 5 U.S.C. § 706(1).

7.     Plaintiff's causes of action and requests for relief arise under the laws of the United States, including the Administrative Procedure Act ("APA") (5 U.S.C. § 701 *et seq.*), the Writ of Mandamus Act (28 U.S.C. § 1361), and the Randolph-Sheppard Act ("RSA"), 20 U.S.C. § 107 *et seq*.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) which provides a suit against a federal official acting in his/her capacity may be brought in the judicial district where a substantial part of the events or omissions occurred. Here, the full food services contract which is the subject of the United States Department of Education's ("DOE") final decision is performed at Ft. Sill, Lawton, Oklahoma which is in the Western District of Oklahoma.

9.     The decision of the arbitration panel convened by the DOE is a final and binding agency action upon Defendants. Defendants have failed to implement this decision. 20 U.S.C. § 107d-2(a); *see also* 5 U.S.C. § 704.

### III.
### FACTUAL BACKGROUND

10.     The Randolph-Sheppard Vending Facility Act, 20 U.S.C. §§ 107 *et seq.* was passed by Congress to provide blind persons with gainful employment and to enlarge their economic opportunities. *See* 20 U.S.C. §§ 107(a)(describing the RSA's purpose and authorization). Pursuant to the RSA, federal agencies have an affirmative obligation to establish vending facilities for blind licensees on all federal property to the extent the facilities would not adversely affect the interests of the United States. *Id.* at § 107(b).

11.     In furtherance of these objectives, Congress mandates that priority be given to the appropriate State licensing agency and its licensed blind vendor on all contracts for cafeteria operation services on Federal property, including full food services at Ft. Sill, Oklahoma. *See* 20 U.S.C. §§ 107(b).

12.     ODRS is the State licensing agency for Oklahoma under the RSA and Mr. David Altstatt Sr. is a licensed blind vendor chosen by ODRS. ODRS and Altstatt previously operated the full food services contract at Ft. Sill. Prior to that, ODRS operated the full food services contract at Ft. Sill for nearly two decades with various blind vendors and teaming partners.

13.     On February 28, 2018, Defendants notified ODRS that it was terminating the existing full food services contract at Ft. Sill for the convenience of Defendants. At that time, ODRS and Altstatt were performing the full food services contract at several Ft. Sill dining facilities under a contract that had at least two more option years

4

remaining. That contract had been awarded to ODRS under the RSA. Defendants unilaterally terminated this existing contract without first seeking approval of the DOE Secretary.

14.     On April 19, 2018, ODRS submitted an arbitration demand to the DOE Secretary challenging the Defendants' decision to terminate the full food services contract at Ft. Sill despite ODRS having two unexpired 1-year options remaining on the contract. *See* 20 U.S.C. §107d-1(b)(permitting a State licensing agency to file a complaint with the DOE Secretary when the SLA believes an executive agency violated the RSA and its implementing regulations).

15.     Even with this pending arbitration demand, and the existence of two unexpired options on the ODRS's existing contract, Defendants continued to pursue the procurement of the full food services at Ft. Sill.

16.     On August 31, 2018, Defendants issued Solicitation No. W9124J-18-R-0024 ("Solicitation"). This solicitation sought to procure full food services at Ft. Sill, Oklahoma by awarding a five year task order contract.

17.     Consistent with the RSA, the Solicitation provided the following "General Instructions" with respect to how the procurement would be conducted:

**B.     General Instructions**

1.     The Randolph-Sheppard Act (R-SA) applies to this requirement.

a.     All offerors are hereby notified that this solicitation is subject to the R-SA and the priority it affords to blind vendors for operation of military dining facilities. *The blind have a priority right to operate dining facilities on federal property. This applies to this solicitation as defined in Army Regulations (AR) 30-22 and 210-25.*

b.   The Army applies this priority in accordance with (IAW) AR 210-25. A Competitive Range shall be established after initial evaluation of proposals. _If the State Licensing Agency (SLA) is determined to be in the Competitive Range then the SLA will be afforded the priority as delineated in the R-SA and AR 210-25._ If the SLA is not determined to be in the Competitive Range, then the successful offer within the Competitive Range will be selected IAW Addendum to 52.212-2 Evaluation Factors for Award paragraph I.a.(1) of the Solicitation.

18.   On November 29, 2018, ODRS amended its DOE arbitration demand to challenge certain limiting language in the Solicitation.

19.   On December 11, 2018, ODRS timely filed a Complaint in the United States District Court for the Western District of Oklahoma which was docketed under Cause No. 18-cv-1197-SLP. In that Complaint, ODRS sought to enjoin the Defendants from continuing with the ongoing procurement activity under the Solicitation until such time as the DOE arbitration proceeding concluded. At that time, the deadline to submit proposals for the Solicitation was December 19, 2018.

20.   On December 14, 2018, the trial court conducted a hearing on ODRS's Application for Temporary Restraining Order which sought to stay the procurement (including the submission of proposals) until ODRS could pursue its arbitration rights under the RSA.

21.   On December 17, 2018, the trial court denied ODRS's injunction request which had the effect of allowing the challenged procurement to move forward.

22.   On December 19, 2018, ODRS, Altstatt, and Cantu Services, Inc. timely submitted a joint proposal in response to the Solicitation.

23.     On March 14, 2019, Defendants eliminated the ODRS proposal from the competitive range thus making ODRS ineligible for award. ODRS determined that the elimination of its proposal was inconsistent with the RSA and its implementing regulations.

24.     On March 22, 2019, ODRS filed an amended arbitration demand with the DOE Secretary asserting, *inter alia*, that Defendants improperly evaluated the ODRS proposal and that the Defendant's evaluation was inconsistent with 20 U.S.C. §107d-3(e) and 34 C.F.R. §395.33(a)-(b). These allegations were in addition to the prior arbitration demand submitted to the DOE.

25.     On March 22, 2019, ODRS also filed an Amended Complaint in Cause No. 18-cv-1197-SLP seeking to enjoin the Defendants from awarding a contract while ODRS challenged its elimination from the competitive range. A hearing on ODRS's injunction request was conducted on March 29, 2019.

26.     On April 12, 2019, the DOE Secretary authorized the convening of an arbitration panel to hear and render a decision on the issues raised by ODRS in its amended arbitration demand of March 22, 2019. *See* 20 U.S.C. §107d-2. The DOE arbitration panel was authorized to review and issue a decision on whether the Defendants violated the RSA by (i) failing to contact the DOE Secretary prior to the Defendant's decision not to exercise the remaining options years of the ODRS's incumbent contract, and (2) eliminating the ODRS's proposal from the competitive range.

7

27.     On April 16, 2019, the trial court denied ODRS's injunction request and permitted Defendants to move forward with contract award.

28.     On May 15, 2019, and despite the ongoing DOE arbitration proceeding, Defendants awarded the full food services contract at Ft. Sill, Oklahoma to Mitchco International, Inc. in the amount of $94,250,932.00.

29.     On May 22, 2019, ODRS timely filed a bid protest action with the Government Accountability Office ("GAO") (B-416851.6) challenging the Defendants' evaluation of Mitchco's proposal and the ultimate decision to award the contract to Mitchco.

30.     On July 3, 2019, GAO dismissed Protest No.: B-416851.6 as academic. In justifying the dismissal, the GAO concluded, "[i]f DOE determined that Oklahoma's challenge to the competitive range decision was successful, the remedy would be to restore the proposal to the competitive range, and, by regulation, for the agency to enter into negotiations solely with Oklahoma, in an effort to obtain the services at a reasonable cost under 34 C.F.R. § 395.33."

31.     On September 1, 2019, and despite ODRS's pending DOE arbitration proceeding, the Defendants unilaterally decided to move forward with the contract awarded to Mitchco under task order Contract No.: W9124J-19-D-0012.

32.     On October 22, 2019, ODRS and the United States of America entered a Joint Stipulation of Dismissal Without Prejudice in Cause No. 18-cv-1197.

33.     On January 14, 2020, the DOE arbitration panel began a three-day evidentiary hearing on ODRS's claims that the Defendants violated the RSA when they

(i) failed to contact the DOE Secretary prior to terminating ODRS's prior contract early in order to move forward with the procurement which ultimately ended with an award to Mitchco, and (ii) eliminated ODRS's proposal from the competitive range.

34.    On January 16, 2020, the evidentiary hearing concluded and the DOE arbitration panel set a post-hearing briefing schedule with the final response briefs due to the panel on May 11, 2020.

35.    On May 11, 2020, ODRS timely submitted its final response brief to the DOE arbitration panel. Surprisingly, the Defendants decided not to submit a response brief to the arguments ODRS presented in its initial brief.

36.    On July 21, 2020, ODRS received a copy of the DOE arbitration panel's award decision. In sustaining ODRS's challenges, the DOE arbitration panel concluded, "that the non-exercise of the option period by the Army without first securing the opinion of DOE's Secretary that the non-exercise was warranted was a violation of the RSA and further finds that there was significant evidence the Army unfairly evaluated ODRS past performance with respect to the criteria set forth in the solicitation." The panel held "With a technically acceptable rating and a satisfactory past performance, [ODRS] should have been placed in the competitive range to initiate discussions to determine the 'possibility of being made acceptable'." The panel further concluded that "[i]t is the opinion of the Panel that the actions that the head of the Federal agency should take to ensure compliance with the R-S Act is for [the Agency] to permit ODRS to complete the option terms of their contract and include the SLA in the competitive range and commence negotiations with it."

37.     On July 24, 2020, ODRS sent a correspondence to the Defendants stating that "ODRS is ready to begin good faith negotiations with the Army as directed by the DOE panel with a goal of the parties agreeing to a reasonable price." This request was ignored by the Defendants.

38.     Instead, on August 13, 2020, Defendants attempted to submit an appeal to the DOE Secretary seeking to overturn the arbitration panel's decision. Defendants based their appeal rights on an improper reading of the RSA and the APA.

39.     On August 19, 2020, ODRS responded to Defendants' appeal showing that neither the RSA nor the APA permit such an appeal by Defendants. ODRS requested that the DOE deny the appeal and confirm the arbitration award in ODRS's favor.

40.     On November 23, 2020, DOE issued a decision denying Defendants' appeal stating "[t]he [RSA] does not directly authorize an appeal to the Secretary of Education; rather, 20 U.S.C. § 107d-1(b) provides 'the decision of [an arbitration] panel shall be final and binding on the parties except as otherwise provided in this Act.'"

41.     On November 24, 2020, ODRS again notified Defendants that ODRS is prepared to commence negotiations to start the Ft. Sill full food services contract immediately. ODRS requested that Defendants respond by December 3, 2020.

42.     To date, Defendants have yet to substantively respond to ODRS's request and have effectively ignored the DOE's arbitration panel decision. Furthermore, the Defendants have failed to promptly terminate those actions and practices which the DOE arbitration panel found to violate the RSA and its implementing regulations. *See* 20 U.S.C. 107d-2(b)(2).

43.     On January 15, 2021, ODRS filed suit against Defendants in Case No. 5:21-cv-00034-C. On February 9, 2021, ODRS dismissed the suit without prejudice because it learned that Mitchco International, Inc. filed a lawsuit against the Department of Education seeking to appeal the arbitration panel's decision that ODRS seeks to enforce by its Complaint. *See Mitchco Int., Inc. v. United States*, Case No. CIV-20-1200-SLP.   At the time, it seemed that it would be the best use of the Court and parties' resources until Mitchco's appeal in Case No. CIV-20-1200-SLP was decided. That is no longer the case and the Defendants have not yet taken any action to in response to the arbitration panel's findings. As a result, Plaintiff and Mr. Altstatt have now been without the benefit of the Fort. Sill contract for years and over a year has passed since the Arbitration Panel's decision. Plaintiff brings this action to compel Defendants to implement the arbitration panel's decision.

## IV.
## COUNT I:
## Administrative Procedure Act

44.     A claim under 5 U.S.C. § 706(1) may proceed where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64, 124 S. Ct. 2373, 159 L. Ed. 2d 137 (2004). Here, Plaintiff alleges that Defendants are required to comply with the DOE arbitration panel's decision by (i) allowing ODRS to complete the two remaining options of its prior full food service contact at Ft. Sill, Oklahoma, and (ii) placing the ODRS proposal in the competitive range and begin negotiations with ODRS for the purpose of awarding a contract to ODRS for the full food services contract at Ft. Sill, Oklahoma.

45.     This Court's review and intervention is now necessary as the Defendants continue to ignore and refuse to implement the arbitration panel's decision which provides for discrete agency action. The discrete agency actions called for by the arbitration panel's decision are mandated by the RSA and its implementing regulations. *See* 20 U.S.C. § 701d-2(b)(2); 34 C.F.R. §§ 395.37(b), (d).

46.     ODRS requests that the reviewing court compel the agency action specified in the DOE arbitration panel's decision which has been unlawfully and unreasonably delayed by Defendants. *See* 5 U.S.C. § 706(1). This includes, but is not limited to, compelling the Defendants to (i) allow ODRS to complete the two remaining options of its prior full food service contact at Ft. Sill, Oklahoma, and (ii) place the ODRS proposal in the competitive range and begin negotiations with ODRS for the purpose of awarding a contract to ODRS for the full food services contract at Ft. Sill, Oklahoma.

## COUNT II: Relief Under The Mandamus Act

47.     Pursuant to 28 U.S.C. § 1361, this Court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

48.     Mandamus is necessary to promptly terminate any acts or practices found by the DOE arbitration panel to be in violation of the RSA and its implementing regulations. *See* 20 U.S.C. § 107d-1(2); 34 C.F.R. § 394.37(d).  The irreparable harm to Plaintiff has continued for too long.   Justice, this long delayed, is justice denied. Defendants owe a duty to ODRS to promptly terminate any actions or practices which

violate the RSA and promptly implement the decision of the arbitration panel. Defendants have unlawfully refused to do either despite being mandated by the RSA.

49.     ODRS is unable to seek monetary damages from the Defendants under the RSA and, therefore, ODRS has no other adequate remedy to ensure Defendants' prompt compliance with the arbitration panel's decision.

50.     ODRS seeks from this Court a Writ of Mandamus compelling Defendants to perform the following acts which are required by the RSA and its implementing regulations:

    a.     implement the arbitration panel's decision which requires Defendants to allow ODRS to complete the two remaining options of its prior full food service contact at Ft. Sill, Oklahoma; and

    b.     implement the arbitration panel's decision by placing the ODRS proposal in the competitive range and begin negotiations with ODRS for the purpose of awarding a contract to ODRS for the full food services contract at Ft. Sill, Oklahoma.

## V.
## PRAYER

ODRS prays for the following relief:

1.     Pursuant to the Administrative Procedure Act and the Mandamus Act, ODRS requests that the Court compel the Defendants to promptly (i) allow ODRS to complete the two remaining options of its prior full food service contact at Ft. Sill, Oklahoma, and (ii) place the ODRS proposal in the competitive range and begin negotiations with ODRS for the purpose of awarding a contract to ODRS for the full food services contract at Ft. Sill, Oklahoma;

2.      Any and all further relief necessary to promptly compel Defendants to implement the arbitration panel's decision.

Dated:    November 5, 2021

Respectfully Submitted,

*/s/ Andrew J. Schumacher*
Andrew J. Schumacher
Texas Bar No. 24051310
Peter A. Nolan
Texas Bar No. 15062600


**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, TX 78701
(512) 370-2800 F: (512) 370-2850
aschumacher@winstead.com
pnolan@winstead.com

and

*/s/ Grant Moak*
Grant Moak
Oklahoma Bar No. 16281

Oklahoma Department of Rehabilitation Services
Assistant Attorney General
3535 N.W. 58th Street, Suite 500
Oklahoma City, OK 73112-4824
O: (405) 570-5439 F: (405) 951-3529
Email: gmoak@okdrs.gov

**ATTORNEYS FOR PLAINTIFF, THE STATE OF OKLAHOMA, by and through THE OKLAHOMA DEPARTMENT OF REHABILITATION SERVICES**